

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00160-CR

IN RE SCOTT XXXX, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

June 7, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

"Scott XXXX, Attornatus Privatus" (i.e., Scott Odam) petitions this Court for a writ of mandamus. Through it, he prays we direct respondent, the Honorable William R. Eichmann II, presiding judge of the 364th Judicial District Court (trial court) to either (1) dismiss the criminal action styled *State v. Scott Odam*, Cause No. 2019-417,673 under the authority of the Texas Citizens Participation Act, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001 *et seq.* (TCPA) or (2) allow the State "to Show Cause against abatement of Cause No. 2019-417,673, wherein Relator is charged with the alleged offense of tampering with evidence in a municipal court proceeding." We deny the petition.

First, while this Court may direct a trial court to rule upon a matter, we lack the authority to tell it how to rule. *In re Bramlett*, No. 07-09-00113-CV, 2009 Tex. App. LEXIS 5228, at *5–6 (Tex. App.—Amarillo July 8, 2009, orig. proceeding) (mem. op.). So, the ability to order the trial court to grant a purported summary judgment dismissing Cause No. 2019-417,673 lies outside our authority.

Second, and assuming *arguendo* that the TCPA's scope envelops criminal prosecutions, XXXX has not shown his standing to invoke the State's right, if any, "to show cause against abatement" of Cause No. 2019-417,673 per the TCPA. And, we fail to see how he has standing to pursue or protect the State's alleged right to respond to his effort to dismiss a criminal prosecution via a civil suit and procedure.

Third, the limited record before us does not illustrate that the trial court refused the State permission "to show cause against abatement." The absence of the latter proof is problematic. This is so because mandamus issues to (1) compel the trial court's performance of a ministerial act or duty, *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) or (2) correct a trial court's clear abuse of discretion. *In re Oncor Elec. Delivery Co. LLC*, 630 S.W.3d 40, 44 (Tex. 2021) (orig. proceeding). Elemental to the former is the trial court's failure or refusal to act. Mr. XXXX has not shown that the trial court failed or refused to permit the State to show cause against abatement of the criminal prosecution. Elemental to the latter is action on the part of the court. Simply put, a trial court must decide or act upon a matter before its decision or action can be assessed as a possible instance of abused discretion. Yet, XXXX failed to illustrate that the trial court engaged in conduct indicative of some act denying the State opportunity "to show cause against" dismissal.

2

"Sicut quod vis ut non sit tibi adepto" or "you can't always get what you want."[1] Having the burden to prove entitlement to a writ of mandamus, *see In re Hunter Corp.*, No. 07-21-00130-CV, 2021 Tex. App. LEXIS 8997, at *3 (Tex. App.—Amarillo Nov. 3, 2021, orig. proceeding) (mem. op.) (stating that the petitioner has the burden to prove his entitlement to a writ of mandamus), XXXX failed to meet it. Thus, we deny the petition for writ of mandamus.

Brian Quinn
Chief Justice

Do not publish.

---

[1] THE ROLLING STONES, *You Can't Always Get What You Want*, *on* LET IT BLEED (London Records 1969).